## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**BRADLEY GLENN**                                                              **PLAINTIFF**

**v.**                                                        **CAUSE NO. 1:25-cv-00049-LG-RPM**

**STATE OF LOUISIANA, et al.**                                                  **DEFENDANTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte.* *Pro se* Plaintiff Bradley Glenn initiated this action on February 21, 2025. At the time, he was an inmate housed at the Jackson County Adult Detention Center in Pascagoula, Mississippi. On November 20, 2025, the Court ordered Glenn to respond to an inquiry regarding the Complaint on or before December 4. Having received no response, on December 12, the Court entered an Order to Show Cause [11], directing him to show cause why this case should not be dismissed for failure to obey a Court Order [10]. Still having received no response, the Court entered a Second and Final Order to Show Cause [12] on January 9, giving Glenn one last chance to either comply or show cause.

All Orders were mailed to Glenn at his address of record, but two of them were returned to the Court as undeliverable. To date, he has not responded to these Orders, provided a change of address, or otherwise contacted the Court about his case since April 1, 2025. The Court has explicitly warned Glenn seven times that his failure to comply with Court orders or keep the Court advised of his current mailing address may result in this case being dismissed.

The Court may dismiss an action for a plaintiff's failure to prosecute under

Federal Rule of Civil Procedure 41(b) and the Court's "inherent power . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (quotation omitted); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

Glenn has not contacted the Court about this case in nearly ten months, demonstrating a clear lack of interest in pursuing his claims. Since Defendants have never been called upon to respond to the Complaint, nor have they appeared in this action, and since the Court has not considered the merits of Glenn's claims, this case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 2nd day of February, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE